UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| HUNTER SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>AFHoldCo, LLC, ADVANCE FINANCIAL ADMINISTRATION, LLC d/b/a ADVANCE FINANCIAL 24/7 a/k/a www.af247.com),<br><br>Defendants. | **COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, Hunter Sullivan, by and through undersigned counsel, brings this action against Defendants named above and in support thereof states:

**PARTIES & JURISDICTION**

1. Plaintiff, Hunter Sullivan, is a natural person and resident of Greenville, South Carolina.
2. Defendant, AFHoldCo, LLC is, upon information and belief, an limited liability company whose members are located in the state of Tennessee.
3. Defendant Advance Financial Administration, LLC, is a limited liability company with its members and nerve center in Tennessee, and is a consumer lending company operating under the name Advance Financian and/or www.af247.com, with its principal offices located at 100 Oceanside Drive, Nashville, Tennessee 37204.
4. The above parties, which are effectively a single entity, shall be referred to collectively herein, as Defendant or "Advance."
5. This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code Ann. § 37-21-10 et seq., which regulate certain telephone calls and text messages, including

calls and texts made for the purpose of offering or advertising extensions of credit, and provide private rights of action and statutory damages for violations.

6. This Court has federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state law claims, including claims under the South Carolina Uniform Consumer Credit Code and the SCTPPA, under 28 U.S.C. § 1367.
7. In the alternative, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because Plaintiff is a citizen of South Carolina, Defendant is a citizen of Tennessee, and the amount in controversy, including statutory damages and treble or enhanced damages available under the TCPA and SCTPPA and actual damages under South Carolina law, exceeds $75,000 exclusive of interest and costs.
8. This Court has personal jurisdiction over Defendant because Defendant conducts consumer lending and telemarketing business throughout South Carolina, including by placing telephone calls and sending text or media messages to South Carolina residents for the purpose of offering extensions of credit and collecting consumer debts, and engaged in the conduct alleged herein with a South Carolina resident.
9. Venue is proper in this Division under 28 U.S.C. § 1391(b) because Plaintiff resides in Greenville County, South Carolina, and a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## FACTS

10. On or about April 19, 2025, Plaintiff entered into a Revolving Loan Disclosure and Account Agreement with Defendant (the "Loan Agreement"). The account number is 6025560, with a credit limit of $610.00 and an Annual Percentage Rate of **450%.**
11. The Loan Agreement is governed by South Carolina law, as expressly stated therein.
12. During her repayment of the loan, Plaintiff experienced numerous financial pressures and retained bankruptcy counsel to represent her concerning her debts. Plaintiff's counsel later

filed a Chapter 7 bankruptcy petition on Plaintiff's behalf, and the debt at issue was discharged during the time period relevant to this action.

13. After retaining counsel, Plaintiff informed Defendant's representative(s) that she had retained an attorney to represent her concerning the debt and provided Defendant with her attorney's contact information, including her name and phone number.
14. Plaintiff clearly and repeatedly instructed Defendant that any further communications concerning the debt should be directed to her attorney and that Defendant should stop contacting her directly.
15. Despite receiving clear notice that Plaintiff was represented by counsel and instructions to cease direct communication with Plaintiff, Defendant continued to contact Plaintiff directly by telephone regarding the debt on multiple occasions.
16. On at least three separate occasions after receiving notice of Plaintiff's representation, Defendant placed calls to Plaintiff's South Carolina telephone number, including to her wireless telephone, for the purpose of collecting payment on the loan and/or offering or advertising extensions of credit, instead of communicating with her attorney as requested.
17. During one or more of these calls, Defendant's representative explicitly acknowledged Plaintiff's statement that she was represented by counsel, but nonetheless refused to honor her representation absent a case number and stated that Defendant would continue contacting Plaintiff directly.
18. These repeated calls were made after notice of representation and despite Plaintiff's protests and requests that Defendant contact her attorney only. The calls were calculated to pressure Plaintiff into paying the debt personally and to circumvent her attorney's representation, thereby harassing Plaintiff and abusing the collection process.
19. Defendant's conduct was not a mistake or inadvertent error. Defendant's representative told Plaintiff that Defendant would continue calling her despite her representation, demonstrating willful and knowing disregard for Plaintiff's rights and a callous indifference to its legal obligations.

20. Plaintiff suffered damages as a result of Defendant's unlawful conduct, including emotional distress, annoyance, embarrassment, invasion of privacy, and aggravation caused by repeated unwanted calls made after she provided clear notice of her representation and requested that the calls stop.

**FOR A FIRST CAUSE OF ACTION**

**VIOLATIONS OF SC CODE § 37-5-108**

**(UNCONSCIONABLE DEBT COLLECTION)**

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.
22. South Carolina Code § 37-5-108 prohibits creditors from engaging in unconscionable conduct in the collection of consumer debts. The statute defines unconscionable conduct to include communicating with a consumer in a manner calculated to abuse, harass, or cause mental anguish or embarrassment to the consumer.
23. Defendant received clear notice that Plaintiff retained counsel to represent her regarding the debt and that any further communication should be directed to her attorney.
24. After receiving such notice, Defendant's representative explicitly acknowledged Plaintiff's statement that she was represented, refused to honor it absent a case number, and stated that Defendant would continue calling Plaintiff directly.
25. Defendant thereafter continued to contact Plaintiff directly on at least three separate occasions despite her repeated assertions of representation and requests that Defendant cease contacting her directly.
26. These repeated calls, made after notice of representation and despite Plaintiff's protests, were calculated to harass Plaintiff, abuse the collection process, and cause mental anguish, annoyance, and embarrassment.
27. Defendant's conduct demonstrates a knowing and willful disregard for Plaintiff's rights and a callous indifference to its legal obligations under South Carolina law.

28. As a result of Defendant's violations of § 37-5-108, Plaintiff suffered damages including emotional distress, annoyance, embarrassment, and invasion of privacy.

29. Pursuant to South Carolina Code § 37-5-108, Plaintiff is entitled to recover statutory damages in the amount of $1,000.00 per violation, actual damages in an amount to be proven at trial, reasonable attorney's fees and court costs, and such other and further relief as the Court deems just and equitable.

**FOR A SECOND CAUSE OF ACTION**

**VIOLATIONS OF SC TELEPHONE PRIVACY PROTECTION ACT**

**(S.C. CODE ANN. § 37-21-10 ET SEQ.)**

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

31. The South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code Ann. § 37-21-10 et seq., applies to "telephone solicitations," defined to include the initiation of a telephone call or a text or media message to a natural person's residence in South Carolina or to a wireless telephone with a South Carolina area code, for the purpose of offering or advertising a property, good, or service for sale, lease, license, investment, or extension of credit.

32. Defendant, in connection with its consumer lending and credit products, placed telephone calls to Plaintiff's South Carolina residential and/or wireless telephone numbers for the purpose of offering, advertising, and/or collecting payments on an extension of credit, and those calls were "telephone solicitations" within the meaning of the SCTPPA.

33. The SCTPPA prohibits, among other things, telephone solicitations that are made before 8:00 a.m. or after 9:00 p.m. local time; that fail promptly to identify the caller and the entity on whose behalf the call is made and state the purpose of the call; that fail to provide an option to be placed on a "do not call" list; and that are made with the intent to defraud, harass, cause harm, or wrongfully obtain anything of value, including by manipulating caller identification technology.

34. Defendant violated the SCTPPA by repeatedly initiating telephone solicitations to Plaintiff's South Carolina telephone number after Plaintiff had retained counsel, after Plaintiff had requested that Defendant cease contacting her directly, and for the purpose of collecting and/or soliciting payment on the loan and offering or advertising extensions of credit, at times and in a manner that harassed Plaintiff and wrongfully sought to obtain payment from her despite clear notice of representation.
35. Defendant's conduct in continuing to place such calls to Plaintiff, despite her requests that the calls stop and Defendant's knowledge that she was represented by counsel, was willful and in reckless disregard of Plaintiff's rights under the SCTPPA.
36. Plaintiff suffered damages as a result of Defendant's unlawful conduct, including invasion of privacy, emotional distress, annoyance, and embarrassment caused by repeated unwanted telephone solicitations and harassment.
37. Pursuant to S.C. Code Ann. § 37-21-40, Plaintiff is entitled to injunctive relief; to recover actual losses; statutory damages of $1,000 for each violation; and, upon a finding of willful violation, enhanced statutory damages up to $5,000 for each violation, together with reasonable attorney's fees and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

a. Statutory damages under S.C. Code § 37-5-108 in the amount of $1,000.00 per violation;
b. Statutory damages under the SCTPPA in the amount of $1,000.00 for each violation and, upon a finding of willful violation, enhanced statutory damages up to $5,000.00 for each violation;
c. Actual and consequential damages in an amount to be determined at trial;
d. Injunctive relief prohibiting Defendant from making further unlawful telephone calls or solicitations to Plaintiff and requiring Defendant to cease direct

communications with Plaintiff concerning the debt and to communicate only through her counsel;

e. Reasonable attorney's fees and court costs;

f. Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

g. Such other and further relief as the Court deems just, proper, and equitable.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
________________________________
Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

September 9, 2026